# United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| OLD REPUBLIC GENERAL INSURANCE CORP., as Subrogee of Prairie Link Contractors, LLC | § § § § § | |
| v. | § § § | CASE NO. 3:16-CV-2043-S |
| MARTIN MARIETTA MATERIALS, INC. | § § § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Defendant Martin Marietta Materials, Inc.'s ("Martin Marietta") motion for summary judgment [28] and Plaintiff Old Republic General Insurance Corp.'s ("Old Republic") partial motion for summary judgment [31]. For the reasons that follow, the Court denies the cross-motions for summary judgment.

### I. THE INDEMNIFICATION DISPUTE

This indemnity action arises out of a personal injury lawsuit filed by Robin, Esther, and Antonello Ghio against Prairie Link Constructors, Inc. ("Prairie Link"), Martin Marietta, and others. The underlying suit was based on an automobile accident in which the Ghios' car collided with the rear of a truck stopped on the freeway in a construction zone. The Ghios alleged that Prairie Link, which is insured by Old Republic, negligently failed to properly manage its road construction project. Martin Marietta was brought into the lawsuit because Prairie Link contracted with that entity to supply and transport loads of aggregate material. The truck involved in the collision was hauling aggregate material pursuant to the contract between Prairie Link and Martin Marietta.

Prairie Link and Martin Marietta entered into a Purchase Order pursuant to which Martin Marietta would supply aggregate materials to Prairie Link for use in the construction of a 10-mile portion of State Highway 161. Martin Marietta's scope of work included supplying transportation services to haul the aggregate materials from its quarry to the jobsite. The Purchase Order provided that the supplier of the transportation services was to be a certified DBE trucking company employed by Martin Marietta.

The Purchase Order's Terms and Conditions contain an indemnity agreement, which includes a concurrent-negligence provision. Pursuant to that provision, Prairie Link demanded that Martin Marietta defend and indemnify it in the underlying suit. Martin Marietta refused on the basis that the indemnity agreement was unenforceable because it was not conspicuous. Old Republic, as Prairie Link's insurance carrier, defended Prairie Link in the underlying suit and ultimately paid to obtain a release of the Ghios' claims against Prairie Link. Old Republic then brought the instant lawsuit alleging that Martin Marietta breached the indemnity provision and seeking to recover attorney's fees and settlement monies it paid in the underlying suit.

## II. THE COURT DENIES SUMMARY JUDGMENT

### A. *Summary Judgment Standard*

Courts "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). In making this determination, courts must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The moving party bears the initial burden of informing the court of the basis for its belief that there is no genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

When a party bears the burden of proof on an issue, that party "must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). When the nonmovant bears the burden of proof, the movant may demonstrate entitlement to summary judgment either by (1) submitting evidence that negates the existence of an essential element of the nonmovant's claim or affirmative defense, or (2) arguing that there is no evidence to support an essential element of the nonmovant's claim or affirmative defense. *Celotex*, 477 U.S. at 322-25. Once the movant has made this showing, the burden shifts to the nonmovant to establish that there is a genuine issue of material fact so that a reasonable jury might return a verdict in its favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). Moreover, "[c]onclusory allegations, speculation, and unsubstantiated assertions" will not suffice to satisfy the nonmovant's burden. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc). Factual controversies are resolved in favor of the nonmoving party "'only when an actual controversy exists, that is, when both parties have submitted evidence of contradictory facts.'" *Olabisiomotosho v. City of Hous.*, 185 F.3d 521, 525 (5th Cir. 1999) (quoting *McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995)).

### B. *The Court Denies Old Republic's Partial Motion for Summary Judgment*

Old Republic asks the Court to find as a matter of law that Martin Marietta had actual notice or knowledge of the indemnity agreement. It will have the burden of establishing actual knowledge at trial because actual knowledge is an affirmative defense. *See Safeway, Inc. v. PDX, Inc.*, 676 F. App'x 229, 237-38 (5th Cir. Jan. 19, 2017) (per curiam) (citing *Reyes v. Storage & Processors, Inc.*, 86 S.W.3d 344, 350-51 (Tex. App.—Texarkana 2002), *aff'd*, 134 S.W.3d 190 (Tex. 2004)). Because Old Republic has not established "beyond peradventure" that Martin Marietta had actual knowledge of the extent of the indemnity provision, the Court denies

3

its partial motion for summary judgment. *Fontenot*, 780 F.2d at 1194; *see also Safeway*, 676 F. App'x at 238 (reiterating the requirement that "those on the hook for another party's negligence [must be] fully aware of the *extent* of that obligation; an understanding merely that there is *some* obligation is not a valid alternative" (citation omitted)).

### C. *The Court Denies Martin Marietta's Motion for Summary Judgment*

Martin Marietta moved for summary judgment on three grounds: 1) the indemnity provision does not satisfy the fair notice requirements of Texas law; 2) the provision does not require Martin Marietta to indemnify Prairie Link on these facts; and 3) Prairie Link failed to mitigate damages.

Martin Marietta first moves for summary judgment on the ground that the concurrent-negligence portion of the indemnity provision is unenforceable because it does not satisfy the fair notice requirements of Texas law. "[I]ndemnification of a party for its own negligence is an extraordinary shifting of risk." *Dresser Indus., Inc. v. Page Petroleum, Inc.*, 853 S.W.2d 505, 508 (Tex. 1993). For this reason, Texas courts will not enforce such agreements unless they satisfy the fair notice requirement. The fair notice requirement has two parts: the express negligence doctrine and the conspicuousness requirement. *Dresser*, 853 S.W.2d at 508. The express negligence doctrine requires the party seeking indemnity from the consequences of its own negligence to "express that intent in specific terms within the four corners of the contract." *Id.* The conspicuousness requirement dictates that "something must appear on the face of the [contract] to attract the attention of a reasonable person when he looks at it." *Id.* (quoting *Ling & Co. v. Trinity Sav. & Loan Ass'n*, 482 S.W.2d 841, 843 (Tex. 1972)).

Martin Marietta does not challenge whether the indemnity provision at issue satisfies the express negligence doctrine. It instead argues that the provision is not conspicuous because

4

nothing distinguishes it from the thirty other articles contained in the Terms and Conditions. Old Republic responds that the indemnity provision is conspicuous because its heading is in capital letters. Alternatively, Old Republic argues that the fair notice requirement does not apply because Martin Marietta had actual notice or knowledge of the indemnity provision. *See, e.g.*, *Safeway*, 676 F. App'x at 237 ("There is no doubt that an indemnitor's actual knowledge of its obligation obviates the need for a court to consider conspicuousness under Texas law." (citing *Storage & Processors, Inc. v. Reyes*, 134 S.W.3d 190, 192 (Tex. 2004))).

The Court holds that Old Republic has raised issues of fact as to whether the indemnity provision is conspicuous or, alternatively, whether Martin Marietta had actual notice or knowledge of the provision. Accordingly, the Court denies Martin Marietta's motion for summary judgment on this ground.

Even if the indemnity provision is enforceable, Martin Marietta argues that it is inapplicable because there is no causal connection between the underlying suit and Martin Marietta's obligations under the Purchase Order. The indemnity provision predicates Martin Marietta's liability on claims "arising directly or indirectly out of [the] Purchase Order or out of any acts or omissions of [Martin Marietta] or its suppliers." Def.'s App. 11. However, there is an express exception for injuries, loss, or damage caused by Prairie Link's sole negligence. *See id.* Thus, to establish that Martin Marietta had a duty to indemnify Prairie Link, Old Republic must prove that the underlying suit arose from the performance of the Purchase Order or from some other conduct by Martin Marietta or its suppliers, rather than from Prairie Link's sole negligence.

Martin Marietta argues that the underlying suit did not arise from any acts or omissions on its part. To support its contention, Martin Marietta points to the state court's decision in the

5

underlying lawsuit. In that action, the court granted summary judgment and dismissed the Ghios' claims for negligence and negligent hiring against Martin Marietta. *See* Def.'s App. 110-11. Martin Marietta argues that, because Prairie Link was a party to that lawsuit, its subrogee, Old Republic, is collaterally estopped from pursuing the same claim. Martin Marietta also contends that it is not liable for negligence attributed to the truck driver or the providers of transportation services because they are subcontractors rather than "suppliers" within the meaning of § 8.1.3 of the Terms and Conditions. *See* Def.'s App. 11.

Old Republic responds by pointing to language in § 8.1 that modifies § 8.1.3 by adding the words "actual or asserted." Def.'s App. 11. Old Republic argues that this modifier means all it needs to show is that the Ghios asserted that their damages arose out of Martin Marietta's acts or omissions. Under Old Republic's, the fact that the Ghios brought a lawsuit including claims for negligence against Martin Marietta suffices to impose a duty to indemnify, and the fact that the court granted summary judgment to Martin Marietta is irrelevant. Alternatively, Old Republic argues that the truck driver and transportation services providers are "suppliers" within the meaning of § 8.1.3. *See* Def.'s App. 11.

The Court holds that Old Republic has raised issues of fact whether Martin Marietta was required to indemnify Prairie Link. Accordingly, the Court denies Martin Marietta's motion for summary judgment on this ground.

Finally, Martin Marietta contends that even if the indemnity provision is enforceable and applicable, the Court should grant summary judgment in its favor because Old Republic failed to mitigate damages. A plaintiff alleging breach of contract cannot recover damages that could have been avoided by the plaintiff's "reasonable efforts." *Great Am. Ins. Co. v. N. Austin Mun. Util. Dist. No. 1*, 908 S.W.2d 415, 426 (Tex. 1995). Martin Marietta will have the burden of

proving Old Republic's failure to mitigate at trial. *See, e.g. Geotech Energy Corp. v. Gulf States Telecomms. & Info. Sys., Inc.*, 788 S.W.2d 386, 390 (Tex. App.—Houston [14th Dist.] 1990, no writ) ("A defendant claiming failure to mitigate damages has the burden of proving lack of diligence on the part of the plaintiff, and the amount by which the damages were increased as a result of the failure to mitigate."). The Court finds that Martin Marietta has not "establish[ed] beyond dispute all of the defense's essential elements" and denies summary judgment on this ground. *Bank of La. v. Aetna U.S. Healthcare Inc.*, 468 F.3d 237, 241 (5th Cir. 2006).

## III. CONCLUSION

For the reasons stated above, the Court denies the cross-motions for summary judgment.

**SO ORDERED.**

SIGNED May 29, 2018.

**KAREN GREN SCHOLER
UNITED STATES DISTRICT JUDGE**